J-S34020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALTRICK M. TAYLOR | |
| Appellant | No. 1366 MDA 2015 |

Appeal from the PCRA Order Dated June 30, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at Nos: CP-40-CR-0003278-2012, CP-40-CR-0003281-
2012, CP-40-CR-0004263-2012, and CP-40-CR-0002665-2013

BEFORE:  PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 22, 2016**

Appellant Altrick M. Taylor appeals from the June 30, 2015 order of the Court of Common Pleas of Luzerne County ("PCRA court"), denying relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. PCRA counsel has filed a no-merit brief and petitioned to withdraw under **Turner**/**Finley**.[1]  Upon review, we affirm and grant the petition to withdraw.

Briefly, after pleading guilty to various crimes, including possession of a firearm, possession of a controlled substance (cocaine), receiving stolen property, driving under the influence, and possession with intent to deliver (heroin), Appellant was sentenced to an aggregate term of 5 to 10 years'

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

imprisonment, followed by one year of probation. Appellant did not file a direct appeal. On July 17, 2014, Appellant filed a timely PCRA petition, raising ineffective assistance of counsel claims. On June 30, 2015, the PCRA court denied Appellant relief. Appellant timely appealed to this Court.

On January 29, 2016, Appellant's PCRA counsel filed in this Court an application to withdraw as counsel and a no-merit letter, wherein counsel raises two issues for our review:

1. Whether trial counsel was ineffective in failing to object when the trial court indicated that she was related to the victim in this case.

2. Whether trial counsel was ineffective by allegedly guaranteeing [] Appellant a specific sentence of 2 years to 4 years upon pleading guilty.

*Turner*/*Finley* Brief at 1.

Before we may consider these issues, we must address whether PCRA counsel has met the requirements of *Turner*/*Finley*. For PCRA counsel to withdraw under *Turner*/*Finley* in this Court:

(1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

(2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

(3) This Court must independently review the record and agree that the appeal is meritless.

*See Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting *Turner*, *Finley*, *Commonwealth v. Pitts*, 981 A.2d 875

(Pa. 2009), and **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2008), **overruled in part by Pitts**).

We find that PCRA counsel has complied with **Turner**/**Finley**. PCRA counsel has petitioned for leave to withdraw and filed an **Anders** brief, which we accept in lieu of a **Turner**/**Finley** no-merit letter.[2] Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.

We now turn to this appeal to determine whether it is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Widgins**, 29 A.3d at 819.

As noted, both issues on appeal implicate the ineffectiveness of trial counsel. Specifically, whether trial counsel was ineffective in failing to seek the trial judge's recusal and in guaranteeing Appellant a sentence of two to four years' imprisonment.

A PCRA petitioner is entitled to relief by showing that his conviction is a result of ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii).

_____

[2] **Anders v. California**, 386 U.S. 738 (1967), sets forth the requirements to withdraw on direct appeal, which are more stringent than the **Turner**/**Finley** requirements that apply on collateral appeal. **See Widgins**, 29 A.3d at 817 n.2. "Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Id.**

"To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the '*Pierce*[3] test,' or the claim fails." *Id.*

Instantly, our review of the record reveals that the first ineffectiveness claim is without merit as it lacks a factual basis. Contrary to Appellant's assertion, the trial judge never stated that she was related to one of the victims. As the PCRA court noted in its Pa.R.A.P. 1925(a) opinion, the trial judge "was aware that one of the victims was one of her son's friends, the grandmother. [The trial judge] further indicated that she simply had knowledge of this individual but made it perfectly clear that she was **not related** to either of the victims, Kevin Toole or Donna Roman."[4] PCRA Court Opinion, 11/12/15, at 3 (emphasis in original).

---

[3] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

[4] We note that the trial judge here complied with Section 2.11 of the Code of Judicial Conduct, relating to disqualification. Comment 5 to Section 2.11 provides that "[a] judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification[.]"

We now turn to Appellant's second ineffectiveness claim, which also is wholly without merit for lack of a factual predicate. Instantly, the PCRA court found credible Appellant's trial counsel's testimony at the PCRA hearing to the extent trial counsel testified that he did not promise or guarantee Appellant a sentence of two to four years' imprisonment. **See** N.T. PCRA Hearing, 3/17/15 at 17, 20-21.

In sum, PCRA counsel has complied with **Turner**/**Finley**. We have reviewed the record, and we are convinced that no meritorious appellate issues exist. Accordingly, we affirm the denial of PCRA relief and grant the petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016